### Eversole, et al. v. Gray.

### Pigg v. Gray.

(Decided January 15, 1926.)

## Appeals from Laurel Circuit Court.

1. Estoppel—City or Councilmen Not Estopped from Denying Ordinance, as Required by Statute, had Not been Passed.—That councilmen of city of sixth class agreed to vote for reappointment of marshal, if he received majority votes at regular election, and, with such understanding, he offered himself as candidate, and received majority of votes, held not to estop city or council from denying that ordinance, as required by Ky. Stats., section 3681a, prescribing for election of marshal, had been passed.

2. Municipal Corporations—Council of City of Sixth Class Cannot Provide for Election of Marshal for Longer Term than Two Years.—In view of Ky. Stats., section 3681a, council of city of sixth class cannot properly provide for election of city marshal for longer term than two years.

HENRY .C. HAZELWOOD and LEWIS & LEWIS for appellants.

E. H. JOHNSON and GEO. G. BROCK for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing the judgment in the first case in the caption and dismissing the second one as a moot case.

On January 31, 1924, the appellee and plaintiff below, J. C. Gray, filed the first action in the caption against the mayor, the individual members composing the board of council of the city of London, and Lewis N. Green, who had been appointed by the mayor and council as marshal of said city. The petition sought to enjoin the defendants as members of the city council from removing plaintiff from office as marshal of the town and to compel the council to continue to pay him his salary of $75.00 per month as such officer and he also sought to enjoin the defendant, Green, from acting or attempting to act as city marshal, it being alleged in the petition that plaintiff was the *de jure* marshal of the town for the term of four years from and after his alleged election thereto in November, 1921, and his qualification as such before the city council in the early part of January, 1922. The answer denied his right to the office or to its attached salary, and averred that he was never elected by the people but at most was only appointed by the council in January, 1922, subject to removal at any time; but that if he was duly

elected in November, 1921, it was only for a term of two years and it expired two years after his qualification under such election, which would be in January, 1924, and that the appointment of Green at that time by the defendants, who were elected to office in November, 1923, was valid in every respect. Plaintiff sought to avoid the defense that he was not elected in 1921 by pleading the judgment rendered in a case brought by him in 1923 against the then mayor and councilmen of the town wherein he sought to compel defendants therein to continue to pay him his salary upon the ground that he was rightfully in office, and in which case the court adjudged in his favor and which judgment was in full force and effect and not appealed at the time of the rendition of the judgment in the Eversole, &c., case. The style of the first action, and the one relied on as a judicial estoppel was Gray v. Pigg, et al., and the second appeal in the caption if from the judgment rendered in that case. Upon the trial of the Eversole case the court rendered judgment in favor of plaintiff upon the two grounds, (1) that although there was no ordinance passed by the council of the city of London 45 days before the November, 1921, election prescribing for the election of the marshal of the town by the people as is required by section 3681a of the 1922 edition of Carroll's Statutes, which is a part of the charter of cities of the sixth class and to which London belonged at the time; yet under the testimony which the court admitted the city as well as the defendants in the case were estopped to deny that no such ordinance was passed, and (2), that the judgment in the Pigg case was an adjudication of all the questions presented in the subsequent Eversole case; and, contesting both of these grounds the defendants in the latter case prosecute the first appeal in the caption.

The evidence upon which the court adjudged the estoppel applied by him in ground (1) was, in substance, that some time prior to the November, 1921, election plaintiff, Gray, who had been serving the town as marshal prior thereto spoke to some of the then councilmen with reference to his reappointment at the beginning of 1922, and it was suggested that he offer himself as a candidate for the office at the regular November election in 1921, and that if he received a majority of the votes then the members of the council who consulted with him on the subject agreed to vote for him for the appointment, and with such an understanding he did procure his name to be

printed on the official ballot by petition and received a majority of the votes cast at the election for the office. In January, 1922, he presented his certificate of election, and in some way it was recorded on the city records, but whether it was done at a regular or other meeting of the councilmen is not clear. However, he did execute his bond and seems to have qualified for the place and continued to act until he was sought to be ousted in the fall of 1923, and which resulted in the filing of the second case in the caption heretofore referred to against the then mayor and councilmen of the town. When that council was succeeded by the one elected in 1923 it proposed to, and did, appoint defendant, Green, whereupon plaintiff filed the first case in the caption to obtain the relief hereinbefore stated.

It occurs to us that the contention that a municipality or its legislative body may be estopped to deny that a particular ordinance was ever passed by the council, or that it ever became a part of the municipal laws of the city, is an unheard of application of the doctrine of estoppel. In the first place, the council, as such, made no representations upon which plaintiff acted, such as to create one of the fundamental elements of an estoppel, since the proof shows that only some of the councilmen as individuals made the representations upon which plaintiff relies. But if such representations or suggestions (i. e., that he offer himself as a candidate for the office at the regular 1921 election) had been duly entered upon the records of the city council it would not necessarily be tantamount to the enactment of an ordinance to the effect that the office be filled by election and would not estop either that or any succeeding council from denying that the action taken was in fact the enactment of an ordinance.

Independently of that fact, however, the council was not authorized under section 3681, *supra,* to provide, even by ordinance, for the election of a city marshal for a longer term than *two* years, which would expire before the action of the council sought to be enjoined in this case was had. If, therefore, it had attempted to provide by ordinance for the election of plaintiff for a longer time than two years such excess would be absolutely void. So that, in no event, even if we should give full effect to the alleged estoppel, as did the trial court (but which we do not do), and even if we should also coincide with the trial court in the conclusion that the judgment in the Pigg case

was a bar to the successors of the defendants therein (but which we also do not do), yet it would be such only to the extent that it was valid. The judgment in that case did not attempt to fix the term of plaintiff, but only found that at the time he was attempted to be ousted he was rightfully in office. There are many essentials to the creation of an adjudicated estoppel that are lacking in the judgment so relied on in this case, but, since in no event can the judgment in the Eversole case be sustained, we have concluded to not point out or otherwise discuss such absent elements.

Our conclusions, therefore, are (a), that there was never any ordinance passed by the city council of the city of London providing for the election of marshal of the town as is required by the section *supra;* (b), that neither the council, nor any of its members, nor the city was estopped to deny that no such ordinance had been passed, and (c), that if it were otherwise and such an ordinance had been passed, or if defendants were estopped to deny that fact, then plaintiff was elected for only a term of two years and which term expired before the action of the new council herein sought to be enjoined.

What has been said would authorize a reversal of the judgment in the Pigg case, but plaintiff served the city as marshal after that time and was paid the regular salary therefor before the judgment in that case was superseded, and we have concluded to dismiss that appeal as involving only a moot question.

Wherefore, the judgment in the first case in the caption is reversed, with directions to dismiss the petition, and the appeal in the Pigg case is dismissed upon the ground that the matters involved are moot.